UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

CORDELL HINES,

                    Plaintiff,

        - v. -

**THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER MATTHEW ERBETTA** and **NEW YORK CITY POLICE OFFICER HENRY MANCEBO** in their individual and professional capacities,

                    Defendants.

-------------------------------------------------------------X

**Case No.**  _____

**COMPLAINT**

**JURY TRIAL**

        Plaintiff **CORDELL HINES**, by and through his attorneys, the Law Offices of Daniel A. McGuinness P.C., alleges as follows:

## PRELIMINARY STATEMENT

        1.     This is an action to recover monetary damages arising out of Defendants' violations of Plaintiff's rights secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights secured by the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, the New York State Constitution and the laws of the State of New York.  Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully arrested, assaulted, battered, and caused the prosecution of Plaintiff.

-1-

2.    This action arises out of conduct by the Defendants, which led to the unlawful arrest of Plaintiff and the prosecution of Plaintiff by representatives of the New York County District Attorney's Office, who are not parties to this action.

3.    Defendants, acting under the color of state law, have intentionally and willfully subjected Plaintiff to, *inter alia*, false arrest, assault, battery, and malicious prosecution.

4.    Defendants unlawfully arrested and detained Plaintiff in violation of Plaintiff's First, Fourth, Sixth and Fourteenth Amendment rights under the United States Constitution, and in violation of 42 U.S.C. § 1983 and Article 1 § 12 of the New York State Constitution.

## JURISDICTION

5.    This is a civil action authorized by 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1332 and 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

6.    Plaintiff further invokes this Court's supplemental jurisdiction under 28 U.S.C. § 1367 over any and all State law claims and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federal claims and causes of action.

## VENUE

7.     The Southern District of New York is an appropriate venue under 28 U.S.C. §§ 1391(a), (b) and (c), and 1402(b) because the events giving rise to this claim occurred in New York County.  In addition, Defendants conduct business and maintain their principal places of business in New York County.

## JURY DEMAND

8.     Plaintiff demands a trial by jury on each of his claims that can be tried to a jury.

## THE PARTIES

9.     Plaintiff **CORDELL HINES**, is a 49-year-old resident of Old Greenwich, Connecticut.  Plaintiff is a citizen of the United States and is and was at all times relevant herein a resident of the City of Old Greenwich and State of Connecticut. Plaintiff received his MBA from the University of Michigan and is an Independent Private Equity Sponsor.

10.     Defendant **NEW YORK CITY POLICE OFFICER MATTHEW ERBETTA** (hereafter "**OFFICER ERBETTA**") and Defendant New York City **POLICE OFFICER HENRY MANCEBO** (hereafter "**OFFICER MANCEBO**"), are and were at all times relevant herein officers, employees, and agents of the New York City Police Department (hereafter "NYPD"). **OFFICER ERBETTA** and **OFFICER MANCEBO** (collectively, "**THE OFFICERS**"), are being sued herein individually and in their official capacity.

-3-

11.     Defendant **CITY OF NEW YORK** is a municipal entity created and authorized under the laws of the State of New York. The NYPD acts as an agent of the **CITY OF NEW YORK**. Pursuant to N.Y.C. Charter § 396, the **CITY OF NEW YORK** is the party to be named in an action for the recovery of penalties for the violations stated herein.

12.     At all times relevant herein, **THE OFFICERS** were acting under the color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the **CITY OF NEW YORK**, in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They acted for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as an officers, employees, and agents of the NYPD. At all times relevant herein, the NYPD hired, employed, supervised and controlled **THE OFFICERS**.

13.     Defendant **CITY OF NEW YORK** is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant **CITY OF NEW YORK** assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the

services provided by the NYPD.

FACTS

14.     On March 3rd, 2017, at approximately 1:06am, Plaintiff was driving on the Henry Hudson Parkway between West 79th Street and West 96th street with another individual in the passenger seat.

15.     Plaintiff was on his way home from Balthazar, a restaurant located on 80 Spring Street between Spring and Crosby street in New York County.  Plaintiff lawfully drove past **THE OFFICERS** in a white 2017 Audi Q5 on Henry Hudson Parkway.

16.     Plaintiff noticed **OFFICER ERBETTA** look directly at him from inside his car. Once Plaintiff drove by, they began to follow his car and eventually turned their lights on.  **OFFICER MANCEBO** was seated next to **OFFICER ERBETTA** in their vehicle.

17.     When Plaintiff saw the lights, he signaled and changed lanes to let **THE OFFICERS** pass him by. Plaintiff was driving lawfully and did not believe **THE OFFICERS** were pulling him over. **THE OFFICERS** stayed behind Plaintiff, and yelled over their loud speaker for Plaintiff to pull over.

18.     Plaintiff pulled his vehicle over to the side of the road at the first safe location.  He safely brought the car to a stop on the side of the Henry Hudson Parkway in Manhattan.

19.     **OFFICER ERBETTA** approached the driver's seat window of

-5-

Plaintiff's vehicle and asked for Plaintiff's license and registration. Plaintiff cooperated. When Plaintiff questioned why he was being pulled over, **OFFICER ERBETTA** ignored him and gave no answer, then commanded Plaintiff to get out of the car.

20.     Once Plaintiff was outside of the car, **OFFICER ERBETTA** began aggressively questioning the Plaintiff.

21.     Plaintiff told **OFFICER ERBETTA** that he was not intoxicated and only had one glass of champagne hours earlier. **OFFICER ERBETTA** ordered Plaintiff toward the back of Plaintiff's car. Plaintiff cooperated.

22.     Plaintiff was not impaired by alcohol or any substance to any extent.

23.     Plaintiff did not display any signs of physical or mental intoxication or impairment.

24.     At some point during Plaintiff's roadside interaction with **THE OFFICERS,** he asked whether they were arresting him to make a quota. This question caused **THE OFFICERS** to become visibly agitated. Based upon information and belief, Plaintiff's mention of a quota motivated **THE OFFICERS** to arrest him.

25.     Once at the back of the car, **OFFICER MANCEBO** joined **OFFICER ERBETTA** and together **THE OFFICERS** demanded that Plaintiff take a preliminary breath test. Plaintiff questioned why he needed to take a breath test.

26.     **THE OFFICERS** began screaming at Plaintiff to comply, and physically intimidating Plaintiff by moving into very close proximity.  Plaintiff feared **THE OFFICERS** were going to physically harm him and backed up until his back was against the back of his car.  **THE OFFICERS** kept yelling at him and moving towards him.

27.     Fearing for his physical safety, Plaintiff agreed to take the preliminary breath test.

28.     **THE OFFICERS** did not administer the test properly.  The test requires a minimum 15-minute observation period of the testing subject prior to the test.  The test was given less than 15 minutes after Plaintiff's car was stopped.

29.     When the testing device registered a result, **THE OFFICERS** looked at each other and indicated dissatisfaction with the result but did not tell Plaintiff what the result was.

30.     **THE OFFICER** again forcefully demanded that Plaintiff take another preliminary breath test.  Fearing for his physical safety, Plaintiff took another test.

31.     The preliminary testing device does not print a result.  Upon information and belief, **THE OFFICERS** falsified the result of the test, and wrote down a greater number on their paperwork to substantiate their unlawful arrest.

32.     Following the second test, **OFFICER ERBETTA** handcuffed and arrested Plaintiff.  Plaintiff was not told or shown the result of either test.  **OFFICER ERBETTA** placed Plaintiff in the back of his police car.

33.     While in the back of **THE OFFICERS** car, Plaintiff requested an attorney, **THE OFFICERS** ignored this request.

34.     **OFFICER ERBETTA** stated in the arrest report that Plaintiff had a strong order of an alcoholic beverage on breath and bloodshot watery eyes. Plaintiff did not have a strong odor of an alcoholic beverage on his breath or bloodshot watery eyes.

35.     **THE OFFICERS** pulled Plaintiff over without reasonable suspicion.

36.     **THE OFFICERS'** stop of Plaintiff's car was racially motivated.

37.     **THE OFFICERS** arrested Plaintiff without probable cause or a warrant.

38.     Prior to his arrest, Plaintiff had not committed any violation of the New York Penal Code or any other provision of law for which an arrest may lawfully be made.  At no time did Plaintiff physically resist arrest or in any way pose a threat to **THE OFFICERS'** safety.

39.     Plaintiff was then transported to the 28th Precinct. **THE OFFICERS** asked Plaintiff to take a breath test. Plaintiff refused to take the test because he already took a breath test and did not trust **THE OFFICERS** to correctly administrate another test.

40.     A video recording was made of Plaintiff at the 28th Precinct.  On the video, Plaintiff can be seen speaking, standing and walking without any mental or physical impairment.

41.     Plaintiff requested a lawyer for the second time. **THE OFFICERS** ignored this request and Plaintiff was not given a chance to call a lawyer.

42.     Plaintiff was eventually brought to the New York City Criminal Court in New York County at 100 Centre Street, where he was arraigned.

43.     Plaintiff was charged with Operating a Motor Vehicle While Intoxicated (VTL § 1192 (3)) and Operating a Motor Vehicle while Impaired by Alcohol (VTL § 1192 (1)).

44.     Plaintiff was released on his own recognizance.

45.     Plaintiff spent approximately 12 hours in custody before his release.

46.     Plaintiff's privilege to drive in New York was suspended on March 3, 2017, the day of his arraignment.

47.     Immediately following Plaintiff's arraignment, a New York State Department of Motor Vehicles ("DMV") hearing was scheduled for March 21, 2017 at 2 Washington Street in the County of Manhattan to determine whether Plaintiff's New York State driving privileges would be suspended for refusing to take a breath test.

48.     Plaintiff appeared at the March 21, 2017 hearing with counsel. **OFFICER ERBETTA** failed to appear.  Plaintiff's New York State driving privileges were restored, and the hearing was rescheduled to July 13, 2017.

49.     Plaintiff's refusal hearing was closed on July 13, 2017 due to **OFFICER ERBETTA**'s failure to show probable cause for Plaintiff's arrest.

50.     Plaintiff made nine more required appearances in criminal court. Each of these appearances required Plaintiff to travel from Connecticut to New York and disrupted his business.

51.     On February 26, 2018 the District Attorney conceded that they could not prove the case beyond a reasonable doubt.

52.     On the occasion enumerated herein, Defendants, acting through **THE OFFICERS**, violated Plaintiff's Fourth Amendment right against illegal search and seizure when Plaintiff was pulled over while driving without probable cause or reasonable suspicion to justify that stop.

53.     The Defendants, acting through **THE OFFICERS**, also harassed, assaulted, and battered Plaintiff and violated his Fourth Amendment right against illegal search and seizure when Plaintiff was arrested without probable cause or a warrant.

54.     **THE OFFICERS** acted intentionally, willfully, maliciously, with a deliberate indifference, and/or with a reckless disregard for the natural and probable consequences of their acts.  As a direct and proximate result of the acts of defendants, Plaintiff experienced mental suffering, anguish, psychological and emotional distress, humiliation, loss of earnings, embarrassment and deprivation of physical liberty.

55.     **THE OFFICERS** were acting in concert and under color of law.

56.     A notice of claim was served on the Comptroller of the **CITY OF NEW**

**YORK**, and Plaintiff sat of a 50-H hearing.  At least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION
### (Freedom of Speech and
### Assembly Violation – Federal Claim)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 56 with the same force and effect as if more fully set forth at length herein.

58.     **OFFICER ERBETTA** assaulted, battered and arrested Plaintiff in retaliation for Plaintiff's reasonable exercise of his First Amendment protected speech and assembly in violation of Plaintiff's rights under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

59.     Plaintiff suffered the physical, mental, emotional, and financial injuries, as a result of **OFFICER ERBETTA's** violation of Plaintiffs rights. **OFFICER ERBETTA** is liable to Plaintiff under 42 U.S.C. § 1983.

60.     **OFFICER MANCEBO** aided and abetted **OFFICER ERBETTA** by participating in, observing and failing to intervene in the violation of Plaintiff's First Amendment rights of protected speech and assembly.

## SECOND CAUSE OF ACTION
### (Freedom of Speech and
### Assembly Violations – State Claim)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 60 with the same force and effect as if more fully set forth at length herein.

62.     **OFFICER ERBETTA** assaulted and arrested Plaintiff in retaliation for Plaintiff's reasonable exercise of his right to free speech under the New York Constitution Article I, §§ 1, 8.

63.     Plaintiff suffered physical, mental, emotional, and financial injuries as a result of **OFFICER ERBETTA**'s violation of Plaintiff's rights, and, as such, is liable to Plaintiff

64.     **OFFICER MACEBO** aided and abetted **OFFICER ERBETTA** by participating in, observing and failing to intervene in the violation of Plaintiff's New York State Constitutional rights to freedom of speech and assembly.

<u>THIRD CAUSE OF ACTION</u>
(Unlawful Seizure – Federal Claim)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 64 with the same force and effect as if more fully set forth at length herein.

66.     **OFFICER ERBETTA** arrested Plaintiff without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure and the Fourteenth Amendment right to Due Process.

67.     Plaintiff suffered the physical, mental, emotional and financial injuries as a result of **OFFICER ERBETTA**'s deprivation of Plaintiff's civil, constitutional and statutory rights, and are liable under 42 U.S.C. §§ 1983 and 1985.

-13-

68.    **OFFICER MANCEBO** aided and abetted **OFFICER ERBETTA** by participating in, observing and failing to intervene in the unlawful seizure of Plaintiff.

### FOURTH CAUSE OF ACTION
### (Unlawful Seizure/False Arrest – State Claim)

69.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 68 with the same force and effect as if more fully set forth at length herein.

70.    **OFFICER ERBETTA** arrested Plaintiff without probable cause in violation of the New York State Constitution Article 1, § 12, guaranteeing the Plaintiff's right to be free from unreasonable seizures, and New York common law.

71.    Plaintiff suffered physical, mental, emotional and financial injuries as a result of **OFFICER ERBETTA**'s deprivation of Plaintiff's rights under the New York State Constitution and common law, and, as such Defendant is liable to Plaintiff.

72.    **OFFICER MANCEBO** aided and abetted **OFFICER ERBETTA** by participating in, observing and failing to intervene in the unlawful seize of Plaintiff.

### FIFTH CAUSE OF ACTION
### (Malicious Prosecution — Federal Claim)

73.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. Following Plaintiff's arrest, **OFFICER ERBETTA** did not make a truthful and complete statement of the facts to the District Attorney.

75. **OFFICER ERBETTA** swore to a criminal complaint against Plaintiff that contained knowingly false statements. Specifically, he claimed to have witnessed Plaintiff with slurred speech, blood shot and watery eyes, and an odor of an alcoholic beverage on his breath when, in truth and fact, he did not witness them.

76. **OFFICER ERBETTA** was directly and actively involved in the initiation of criminal proceedings against Plaintiff, in that he knew the criminal complaint that he swore to would be filed against Plaintiff in a criminal action. **OFFICER ERBETTA** acted with malice initiating and continuing the criminal proceedings against Plaintiff.

77. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, was humiliated, and subjected to handcuffing and other physical restraints without probable cause.

78. Plaintiff suffered physical injury, extreme mental and emotional anguish as a result of **OFFICER ERBETTA**'s wrongful actions. Plaintiff's reputation was damaged, and suffered lost earnings, among other things, as a result of the **OFFICER ERBETTA**'s deliberate and malicious conduct.

79. The acts and conduct of **OFFICER ERBETTA** deprived Plaintiff of his liberty without Due Process of Law in violation of his Fourteenth Amendment Rights. **OFFICER ERBETTA** is liable to Plaintiff under 42 U.S.C. §§ 1983 and

1985.

80.     **OFFICER MANCEBO** aided and abetted **OFFICER ERBETTA** by participating in, observing and failing to intervene in the malicious prosecution against Plaintiff.

## SIXTH CAUSE OF ACTION
### (Malicious Prosecution — State Claim)

81.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 80 with the same force and effect as if more fully set forth at length herein.

82.     The acts and conduct of **OFFICER ERBETTA** constitute malicious prosecution under statutory and common law of the State of New York, and, as such, **OFFICER ERBETTA** is liable to Plaintiff.

## SEVENTH CAUSE OF ACTION
### (Right to Counsel Violation – Federal Claim)

83.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 82 with the same force and effect as if more fully set forth at length herein.

84.     During **OFFICER ERBETTA**'s unlawful arrest of Plaintiff, he neglected to provide Plaintiff with an attorney after Plaintiff requested for one in violations of Plaintiff's rights under the Sixth Amendment to the United States Constitution and 42 U.S.C. § 1982

85.     As a result of the foregoing, Plaintiff was deprived of his liberty, was

subjected to physical, psychological, and emotional pain and suffering, and was otherwise damaged and injured.

86.   **OFFICER MANCEBO** aided and abetted **OFFICER ERBETTA** by participating in, observing and failing to intervene in the violation of Plaintiff's Sixth Amendment right to counsel.

## EIGHTH CAUSE OF ACTION
### (Right to Counsel Violation – State Claim)

87.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 86 with the same force and effect as if more fully set forth at length herein.

88.   **OFFICER ERBETTA** deprived Plaintiff of his liberty, subjected Plaintiff to physical, psychological and emotional pain and suffering by ignoring Plaintiff's reasonable exercise of his right to counsel under the New York State Constitution Article I, § 1.

89.   OFFICER ERBETTA'S conduct was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.   OFFICER MANCEBO aided and abetted OFFICER ERBETTA by participating in, observing and failing to intervene in the violation of Plaintiff's New York State Constitutional right to counsel, Article I, §§ 1, 6.

## NINTH CAUSE OF ACTION
### (Assault)

-17-

91.      Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 90 with the same force and effect as if more fully set forth at length herein.

92.      By conduct and actions described above, **OFFICER ERBETTA** inflicted the tort of assault upon Plaintiff. The acts and conduct of **OFFICER ERBETTA** was the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

93.      **OFFICER ERBETTA**'s conduct against Plaintiff constituted an assault upon Plaintiff in that **OFFICER ERBETTA** attempted to injure Plaintiff or commit battery upon him, placing Plaintiff in fear of imminent harm, and further that his acts represented a grievous affront to Plaintiff.

94.      **OFFICER ERBETTA**'s actions were intentional, reckless, and unwarranted and without any just cause or provocation, and he knew, or should have known, that his actions were without the consent of Plaintiff.

95.      **OFFICER MANCEBO** aided and abetted **OFFICER ERBETTA** by participating in, observing and failing to intervene in the assault on Plaintiff.

## TENTH CAUSE OF ACTION
### (Battery)

96.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if more fully set forth at length herein.

97.     **OFFICER ERBETTA**'s conduct against Plaintiff constituted a battery upon Plaintiff in that the above-described bodily contact was intentional, unauthorized and grossly offensive in nature.

98.     Such contact caused serious physical, psychological and emotional pain and suffering, and otherwise caused damage to Plaintiff.

99.     **OFFICER MANCEBO** aided and abetted **OFFICER ERBETTA** by participating in, observing and failing to intervene in the battery on Plaintiff.

## ELEVENTH CAUSE OF ACTION
### (Negligent Hiring, Retention, Training, and Supervision)

100.    Plaintiff repeats, reiterates and alleges such and every allegation contained in paragraphs 1 through 99 with the same force and effect as if more fully set forth at length herein.

101.    The **CITY OF NEW YORK**, acting through the NYPD and its gents, servants and employees acting within the scope of their employment did negligently hire, retain, train and supervise **THE OFFICERS** who were unfit for the performance of police duties on March 3, 2017, at the aforementioned location. As

such, the **CITY OF NEW YORK** is liable to Plaintiff for the negligent hiring,

retention, training and supervision of **THE OFFICERS**.

## TWELFTH CAUSE OF ACTION
### (*Respondeat Superior* Liability
### For State Law Claims)

102.   Plaintiff repeats, reiterates, and realleges each and every allegation

contained in paragraphs 1 through 101 with the same force and effect as if more

fully set forth at length herein.

103.   The conduct of **THE OFFICERS** stated herein occurred while they

were on duty and in uniform, in and during the course and scope of their duties and

functions as officers in the NYPD, and while they were acting as an agents, officers,

servants, and employees of the **CITY OF NEW YORK**. As such, the **CITY OF NEW

YORK** is liable to Plaintiff pursuant to the common law doctrine of *respondent

superior*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.   As to the First through Twelfth Causes of Action, that the jury find and

the Court adjudge and decree that Plaintiff shall recover compensatory damages in

the sum of $5,000,000 against the individual defendants and the **CITY OF NEW

YORK**, jointly and severally, together with interest and costs; and punitive damages

in the sum of $1,000,000.00 against the defendants, jointly and severally;

b.   That Plaintiff recover the cost of the suit herein, including reasonable

attorneys fees pursuant to 42 U.S.C. § 1988; and

      c.    That Plaintiff is granted such other and further relief as the Court

deems just and equitable

Dated:     New York, New York
            June 1, 2018

                      LAW OFFICES OF DANIEL A. MCGUINNESS, P.C.

By:_____
                      DANIEL MCGUINNESS

                      260 Madison Avenue, Suite 1800
                      New York, New York 10016
                      Tel: (212) 679-1990
                      Fax: (888) 679-0585
                      Attorneys for Plaintiff CORDELL HINES