

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NEW YORK 10007

JAMES E. JOHNSON
*Corporation Counsel*

ALISON S. MITCHELL
Senior Counsel
Phone: (212) 356-3514
Fax: (212) 356-3558
amitchel@law.nyc.gov

November 26, 2019

**BY ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*[handwritten: Submit proposed subpoena for "so ordering." Discovery extended to December 28 for the purpose of examining Ms. Todorovich. SO ORDERED @ [signature] US DJ 11·27·1]*

Re:  Cordell Hines v. City of New York, et al.,
     18-CV-4880 (PKC)

Your Honor:

I am Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, attorney assigned to the defense of the above-referenced matter. Defendants write to respectfully request a So Ordered Subpoena for Alejandra Todorovich to be compelled to appear at 100 Church Street, 4th floor, New York, New York 10007 for a deposition, or in the alternative, for an Order to Show Cause as to why she should not be held in contempt for failure to appear for her properly noticed deposition responsive to the subpoena that was served pursuant to Fed. R. Civ. P. 45 on October 15, 2019. Furthermore, defendants respectfully request an extension of discovery, which is currently set to close on December 1, 2019, for the sole purpose of taking Ms. Todorovich's deposition.

By way of background, plaintiff alleges, *inter alia*, that he was falsely arrested, among other claims, for driving while intoxicated. Plaintiff listed Alejandra Todorovich in his initial disclosures as a non-party witness who was present in his vehicle when he was stopped by the defendants for driving while intoxicated. The undersigned spoke with Ms. Todorovich via telephone on October 10, 2019 and she provided an address for personal service of a subpoena for her deposition. The undersigned informed Ms. Todorovich that she would be served with a subpoena at the address she provided for a deposition scheduled for October 18, 2019. Ms. Todorovich further stated that she had no interest in participating in the instant matter in any manner. On October 10, 2019, the undersigned (in an abundance of caution) mailed, via regular and certified mail, copies of a cover letter and a subpoena to Ms. Todorovich that would later be served on her. See Dkt. Entry No. 41-1. On October 15, 2019, the aforementioned cover letter and subpoena were properly served on Ms. Todorovich at her residence and a copy of the same was placed in the mail on October 16, 2019. See Dkt. Entry No. 41-2.

On October 18, 2019, Ms. Todorovich failed to appear for her subpoenaed deposition. The parties conferred on this matter as Defendants now move to compel Ms. Todorovich to appear at 100 Church Street, 4th floor, New York, New York 10007 for a deposition responsive to the subpoena that was served pursuant to FED. R. CIV. P. 45, or in the alternative be ordered to show cause as to her failure to respond to the subpoena. Plaintiff does not oppose this application.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure states that a party may discover "any nonprivileged matter that is relevant to any party's claim or defense…" FED. R. CIV. P. 26(b)(1). Although not unlimited, relevance for purposes of discovery, is an extremely broad concept. Cohen v. City of New York, 05 Civ. 6780 (RJS)(JCF), 2010 U.S. Dist. LEXIS 44762 at *6, (S.D.N.Y. 2010) (quotation omitted). Once relevance has been shown, it is up to the responding party to justify curtailing discovery. Id.; See Melendez v. Greiner, 01 Civ. 7888 (SAS)(DF), 2003 U.S. Dist. LEXIS 19084, at *1 (S.D.N.Y. Oct. 23, 2003). ("Where a party resists discovery of certain information, the burden is on that party to clarify and explain precisely why its objections are proper"). Generally, discovery is only limited when "sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege." Melendez, 2003 U.S. Dist. LEXIS 19084, at *1 (quoting In re Six Grand Jury Witnesses, 979 F.2d 939, 943 (2d Cir. 1992)).

Defendants respectfully submit that to prepare their case, Ms. Todorovich's deposition is necessary. Plaintiff brings various claims related to his arrest. Plaintiff named Ms. Todorovich in his initial disclosures as an individual who was a passenger in plaintiff's vehicle at the time of the car stop and plaintiff's arrest. Plaintiff further testified at his deposition that he was with Ms. Todorovich at a restaurant and that she had witnessed him consume alcohol prior to his arrest. Furthermore, Ms. Todorovich offered testimony at a Department of Motor Vehicle's Hearing regarding this incident. Accordingly, defendants are entitled to question Ms. Todorovich regarding the information she personally knows and defendants were forced to serve a subpoena on Ms. Todorovich on October 15, 2019, in order to obtain the necessary testimony. See Dkt. Entry No. 41-1; See Exhibit A, Affidavit of Service. This subpoena was returnable for October 18, 2019. On October 18, 2019, Ms. Todorovich failed to appear for her deposition and provided no basis for her nonappearance.

Accordingly, defendants now respectfully request that the Court issue a So Ordered Subpoena for Alejandra Todorovich to be compelled to appear at 100 Church Street, 4th floor, New York, New York 10007 for a deposition, or in the alternative, for an Order to Show Cause as to why she should not be held in contempt for failure to appear for her properly noticed deposition responsive to the subpoena that was served pursuant to Fed. R. Civ. P. 45 on October 15, 2019. Defendants thank you for your consideration herein.

Respectfully submitted,

Alison S. Mitchell
*Senior Counsel*

cc:   **BY ECF**
      Daniel McGuinness, Esq.
      *Attorney for Plaintiff*