

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

ALISON S. MITCHELL
*Senior Counsel*
Phone: (212) 356-3514
Fax: (212) 356-3558
amitchel@law.nyc.gov

January 24, 2020

**BY ECF**
Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: Cordell Hines v. City of New York, et al.,
         18-CV-4880 (PKC)

Your Honor:

    I am Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York and the attorney assigned to the defense of the above-referenced matter. For the reasons set forth below, I write on behalf of defendants to provide the Court an update as to the status of non-party witness, Alejandra Todorovich's deposition, which was previously So-Ordered by Your Honor, and to respectfully request that defendants be permitted to depose non-party Alejandra Todorovich prior to trial, to the extent she appears. Defendants write this letter in an abundance of caution as discovery is currently scheduled to close on January 31, 2020, however, as explained below, all efforts to attempt to depose Ms. Todorovich prior to the close of discovery have been unsuccessful.

    By way of background, plaintiff alleges that, on March 3, 2017, he was falsely arrested, among other claims, for driving while intoxicated by defendants Erbetta and Mancebo. During the alleged incident, Alejandra Todorovich was present in plaintiff's vehicle when he was stopped by the defendants. In addition, on July 13, 2017, at plaintiff's Refusal Hearing, which was related to his March 3, 2017 arrest for DWI, Ms. Todorovich provided testimony on behalf of plaintiff.

    Plaintiff filed the instant lawsuit on June 1, 2018, and on October 29, 2018, as part of plaintiff's Rule 26(a) disclosures, plaintiff identified Ms. Todorovich as a witness with knowledge and information. In the disclosure, plaintiff provided a telephone number, but no mailing address, for Ms. Todorovich. In an effort to attempt to arrange Ms. Todorovich's deposition, the undersigned attempted to call her at the phone number provided numerous times,

however, those calls were never answered. The undersigned additionally requested from plaintiff's counsel an address for Ms. Todorovich, but was informed that neither he nor plaintiff was in possession of same. Eventually, on or about October 10, 2019, the undersigned was contacted by Ms. Todorovich by telephone, and Ms. Todorovich provided an address where the subpoena for her deposition could be served: 61 Garden Street, Ansonia, Connecticut, 06401.

Due to Ms. Todorovich's nonappearance after defendants served her with a subpoena for her deposition, on December 20, 2019, Your Honor granted defendants' request for a So-Ordered Subpoena to depose her on January 22, 2020 at 100 Church Street, 4th floor, New York, New York 10007. ECF Dkt. No. 48. On January 3, 2020, the undersigned mailed, via regular and certified mail, a copy of the So-Ordered Subpoena to the address that Ms. Todorovich previously provided.[1] In addition, defendants attempted to serve the So-Ordered Subpoena on plaintiff at the Garden Street address she provided, however, the process server was unable to complete service and affirmed that he was unable to do so because, on January 7, 2020, there was a lead warning sign on the door, the house appeared vacant, and a neighbor stated that no one was currently staying at the house. See Exhibit A, Affidavit of Service.

Nonetheless, on January 12, 2020, Ms. Todorovich left the undersigned a voicemail message indicating that she could not attend the deposition on January 22, 2020, which confirmed that, upon information and belief, she had received the subpoena for her deposition. In her voicemail, she also indicated that April is a better time for her deposition, and requested that defendants propose a new date for her deposition to go forward in April. Ms. Todorovich, however, did not leave a return telephone number and when the undersigned attempted to reach her at the previously provided telephone number, those calls went unanswered and to date, the undersigned has not received any return calls from her.[2]

After receiving that voicemail from Ms. Todorovich, on January 14, 2020, the undersigned mailed Ms. Todorovich, at the Garden Street address, a letter containing an additional copy of the So-Ordered Subpoena for her January 22, 2020 deposition and further informed her that her deposition needed to be conducted prior to the January 31, 2020 discovery deadline. This letter also informed Ms. Todorovich that should she fail to appear on January 22, 2020 for her deposition, sanctions may be imposed by the Court but, to the extent she could not appear on January 22, 2020, the parties would attempt to reschedule the date for a date and time convenient for everyone. The undersigned requested that Ms. Todorovich contact her as soon as

---

[1] The undersigned spoke with Ms. Todorovich via telephone on October 10, 2019 and, during that telephone call, she provided an address for personal service of a subpoena for her deposition. The undersigned informed Ms. Todorovich that she would be served with a subpoena at the address she provided for a deposition. On October 15, 2019, a subpoena was properly served on Ms. Todorovich at the address she provided and a copy of the same was placed in the mail on October 16, 2019. See Dkt. Entry No. 41-2. Ms. Todorovich did not appear for this deposition.

[2] It should be noted that, the caller identification number left on the undersigned's telephone from the missed calls from Ms. Todorovich include the same telephone number that plaintiff's counsel provided defendants on October 29, 2018 for Ms. Todorovich, and the same number that the undersigned has used to attempt to reach her.

possible. To date, the undersigned has received no response from Ms. Todorovich and she did not appear on January 22, 2020 for her deposition.

Considering that Ms. Todorovich is an eyewitness to the incident and was identified by plaintiff as an individual with knowledge and information pertaining to the incident, defendants should be permitted to depose Ms. Todorovich prior to trial and inquire into her knowledge regarding the underlying incident, as well as other relevant topics. Accordingly, plaintiff should be precluded from utilizing and/or offering any prior sworn testimony of Ms. Todorovich as defendants have had no opportunity to question her.[3] Additionally, to the extent that Ms. Todorovich reappears following the close of discovery and/or plaintiff obtains any contact information or reestablishes contact with Ms. Todorovich, defendants respectfully request that her contact information be provided immediately and defendants be permitted to depose her prior to trial.

Thank you for your consideration herein.

Respectfully submitted,

*[signature]*

Alison S. Mitchell
*Senior Counsel*

cc: Daniel McGuinness, Esq. (By ECF)
*Attorney for Plaintiff*

*[Handwritten order:]* Ms. Todorovich may not be called as a party witness at trial by any party unless she is produced 14 days prior to trial for her deposition. Counsel for plaintiff is directed to inform counsel for defendant FORTHWITH upon learning any contact information for Ms. Todorovich not heretofore disclosed. SO ORDERED. *[signature]* USDJ 1-24-20

---

[3] Defendants intend to raise this issue and fully brief the issue prior to trial, by way of their motions *in limine*, if necessary.

3